**XIU JUAN WANG, Petitioner,**

v.

**U.S. DEPARTMENT OF JUSTICE,**
**Respondent.**

No. 06–3085–ag.

United States Court of Appeals,
Second Circuit.

April 27, 2007.

Xiu Juan Wang, pro se, Flushing, New York, for Petitioner.

Stephen J. Murphy, United States Attorney, Eastern District of Michigan;

Blondell L. Morey, Assistant United States Attorney, Detroit, Michigan, for Respondent.

PRESENT: Hon. WILFRED FEINBERG, Hon. GUIDO CALABRESI, Hon. SONIA SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

Petitioner Xiu Juan Wang, a native and citizen of the People's Republic of China, seeks review of a June 14, 2006 order of the BIA affirming the May 10, 2005 decision of Immigration Judge ("IJ") Alan L. Page denying Wang's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Xiao Juan Wang,* No. A77 297 088 (B.I.A. June 14, 2006), *aff'g* No. A77 297 088 (Immig. Ct. N.Y. City May 10, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 59 (2d Cir.2005); *Yu Sheng Zhang v. U.S. Dep't of Justice,* 362 F.3d 155, 159 (2d Cir.2004). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

In the instant case, Wang, *pro se,* argues in her brief to this Court that she testified in an "honest, true-telling manner," and that she suffered physical and mental harm in China. We construe these assertions generously, and find that Wang has challenged the IJ's adverse credibility finding and the denial of her forcible abortion claim. *See Steevenez v. Gonzales,* 476 F.3d 114, 118 (2d Cir.2007) (construing "generously" an alien's *pro se* brief to the BIA). Nevertheless, substantial evidence supports the IJ's denial of Wang's asylum claim.

The IJ reasonably relied on a material inconsistency regarding how family planning officials discovered Wang's second pregnancy. Wang stated in her written application that the family planning officials learned that she was pregnant during a quarterly IUD check up. In contrast, she testified that the cadres suspected that she was pregnant when she failed to report for her check up, went to her home, and brought her to a hospital where they confirmed her pregnancy, prompting the alleged forced abortion. The IJ reasonably rejected Wang's explanation that she made a "mistake" in her application. *See Majidi v. Gonzales,* 430 F.3d 77, 80–81 (2d Cir.2005) (emphasizing that the agency need not credit an applicant's explanations for inconsistent testimony unless those explanations would compel a reasonable factfinder to do so). Because this substantial discrepancy involved the crux of Wang's claim, it supported the IJ's adverse credibility finding. *See Secaida–Rosales v. INS,* 331 F.3d 297, 308 (2d Cir.2003).

Further, the IJ accurately observed that Wang testified that a cadre came to her home in November 1996 and threatened her with forcible abortion or sterilization if she did not report for an IUD insertion in early December, but she did not mention this event in her written application. Likewise, the IJ accurately noted that Wang testified that cadres spoke to her parents in early December 1996, threaten-

ing to detain them if Wang did not report for the IUD insertion, but she omitted this incident from her application. While "asylum applicants are not required to list every incident of persecution on their I-589 statements," *Pavlova v. INS*, 441 F.3d 82, 90 (2d Cir.2006), the IJ appropriately considered these omissions. Wang provided a supplemental statement that allowed for more information to be included than in the "small space" on the application form. *See Secaida–Rosales*, 331 F.3d at 308. Moreover, she was assisted by counsel, had several years to amend her application, and the IJ was not required to credit her explanation that she forgot to include this information because she was scared. *See Majidi*, 430 F.3d at 80–81. Thus, because these omissions were material to Wang's claim of past persecution, they substantiated the IJ's adverse credibility determination. *See Secaida–Rosales*, 331 F.3d at 308.

Additionally, in finding Wang's testimony not credible, the IJ appropriately relied on the lack of corroboration from her parents when such absence rendered her unable to rehabilitate testimony that had already been called into question. *See Zhou Yun Zhang*, 386 F.3d at 78. For all these reasons, substantial evidence supports the IJ's adverse credibility determination.

Because the only evidence of a threat to Wang's life or freedom with respect to her forcible abortion claim depended upon her credibility, the adverse credibility determination in this case necessarily precludes success on her claims for withholding of removal and relief under the CAT. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir.2006).

Because Wang fails to make any assertion regarding her CAT claim based on her alleged illegal departure from China or the fact that she applied for asylum in the United States, we deem that claim abandoned with respect to those issues. In her brief, Wang does not state that she disagrees with the IJ's finding regarding any likelihood that she will be tortured if returned to China, nor does she allude to any fear of being returned in light of her alleged illegal departure or application for asylum in the United States. Even construing Wang's brief "generously," it cannot be read to encompass a challenge to the denial of her CAT claim on these bases. *See Steevenez*, 476 F.3d at 118. Accordingly, we decline to consider the IJ's denial of Wang's CAT claim to the extent that it was not based on her alleged forcible abortion. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 546 n. 7 (2d Cir.2005) (emphasizing that, "[i]ssues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal").

For the foregoing reasons, the petition for review is DENIED. Having completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.